**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION**

**ZACHARY T. MORRIS,**

    **Plaintiff,**

**vs.**                                                                                           **CASE NO. 1:07CV187-MP/AK**

**GEORGE W. BUSH, et al,**

    **Defendants.**

_____/

**REPORT AND RECOMMENDATION**

Plaintiff brings this cause *pro se* and he has paid the filing fee. (Doc. 1). He filed his complaint on September 28, 2007, alleging claims against President Bush, Senators Clinton and Obama, former United States Attorney General Alberto Gonzales and over twenty other people for being denied federal student loans to attend Loyola University. (Doc. 1). He claims that President Bush disapproved his application for student benefits, as did Senators Clinton and Obama. He claims Senator Obama made him leave Chicago and Alberto Gonzales "approved that no lawyer in America is/was to represent me for any reason." Because Plaintiff paid the filing fee, he was responsible for serving the complaint and was ordered to show cause in writing on June 23, 2008, when after an extension of time, he had not returned summons on any of the defendants. (Doc. 11). Plaintiff responded that he had been granted through August 31, 2008, to serve these defendants, which was untrue, and he moved for appointment

of counsel. (Doc. 14). Plaintiff then moved for an extension of time to serve Loyola University only, even though he names 28 defendants in the complaint. (Doc. 16). These motions will be denied by separate order. However, the undersigned herein recommends that the complaint be dismissed *sua sponte*.

The Supreme Court in <u>Neitzke v. Williams</u>, 490 U.S. 319, 109 S. Ct. 1827, 1833, 104 L. Ed. 2d 338 (1989) recognized that a district court could *sua sponte* dismiss a case filed *in forma pauperis* (pursuant 28 U.S.C. § 1915(d)) if it was satisfied that the action was frivolous or malicious.[1] <u>Neitzke</u> recognized two types of cases which may be dismissed, *sua sponte*. In the first class are "claim(s) based on an indisputably meritless legal theory," and in the second class are "those claims whose factual contentions are clearly baseless." *Id.* Within the former are those cases in which it is either readily apparent that a complaint lacks an arguable basis in law or that defendants are clearly entitled to immunity from suit. Within the latter are those cases describing scenarios clearly removed from reality. <u>Sultenfuss v. Snow</u>, 894 F.2d 1277 (11th Cir. 1990)(citing <u>Neitzke</u>).

The <u>Neitzke</u> Court, however, contrasted such a dismissal with the situation in which a litigant paid the court's filing fees. In such a situation, the Court found the case could be dismissed under Fed. R. Civ. P. 12(b)(6); however, the Court did not decide whether a *sua sponte* dismissal was appropriate under Rule 12(b)(6). Precedent has now been set for such a dismissal.

---

[1] 28 U.S.C. § 1915(d) was redesignated § 1915(e) by the Prison Litigation Reform Act.

**No. 1:07cv187-MP/AK**

Upon receiving a complaint with allegations equally as baseless as those presented within the case at bar, the district court in the Southern District of New York held that "[a] plaintiff asserting fantastic or delusional claims should not, by payment of a filing fee, obtain a license to consume limited judicial resources and put defendants to effort and expense." Tyler v. Carter, 151 F.R.D. 537, 540 (S.D.N.Y. 1993), *affirmed* 41 F.3d 1500 (2nd Cir. 1994)

> The policies arguing against sua sponte Rule 12(b)(6) dismissals do not apply in these circumstances. The author of claims as irrational as these cannot be regarded as subject to the economic incentive to refrain from frivolous actions imposed by filing fees and court costs upon rational paying litigants. . . . If this Court cannot order sua sponte dismissal of this complaint under Rule 12(b)(6), no district court can ever dismiss sua sponte any complaint under the Rule. I do not think that is the law.

Tyler, 151 F.R.D. at 540. Plaintiff in the case at bar has presented conclusory allegations that are clearly removed from reality and are frivolous. No Defendant should be put to the expense of answering such a complaint, and there is no reason to permit Plaintiff an extension of time to attempt to serve any one or all of these defendants. The complaint simply fails to state a claim. Therefore, summary dismissal of this action is appropriate pursuant Fed. R. Civ. P. 12(b)(6).

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's

**No. 1:07cv187-MP/AK**

complaint, doc. 1, be **DISMISSED** for failure to state a claim upon which relief may be granted.

**IN CHAMBERS** at Gainesville, Florida, this _**2**nd_ day of September, 2008.


_s/ A. KORNBLUM_
**ALLAN KORNBLUM**
**UNITED STATES MAGISTRATE JUDGE**


**NOTICE TO THE PARTIES**

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**

**No. 1:07cv187-MP/AK**