IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

ZACHARY T. MORRIS,

    Plaintiff,

v.                                       CASE NO. 1:07-cv-00187-MP-AK

GEORGE W. BUSH, et al,

    Defendants.

_____/

## **O R D E R**

This matter is before the Court on Doc. 18, Report and Recommendation of the Magistrate Judge, which recommends that this cause be dismissed *sua sponte* under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief may be granted. The Magistrate Judge filed the Report and Recommendation on Tuesday, September 2, 2008. The Plaintiff has been furnished a copy of the Report and has been afforded an opportunity to file an objection. Pursuant to Title 28, United States Code, Section 636(b)(1), this Court must make a *de novo* review of those portions to which an objection has been made. In this case, however, no objection has been made.

The Court agrees with the Magistrate that this cause should be dismissed *sua sponte* for failure to state a claim. In Jefferson Fourteenth Assocs. V. Wometco de Puerto Rico, Inc., 695 F.2d 524 (11th Cir. 1983), the Court held that *sua sponte* dismissals are prohibited where: (1) the

defendant has not filed an answer and, thus, the plaintiff still has a right under Rule 15(a) to amend his or her complaint; (2) the plaintiff's claim is brought in good faith and is not vexatious or patently frivolous; and (3) the district court has yet to provide plaintiff with notice of its intent to dismiss the complaint and an opportunity to respond. 695 F.2d at 527; cf. Neitzke v. Williams, 490 U.S. 319, 330 n.8, 109 S. Ct. 1827, 104 L.Ed.2d 338 (1989) (declining to decide whether a district court has inherent authority to *sua sponte* dismiss a complaint under Rule 12(b)(6)). The Court in Wometco distinguished the complaint in that case from those that "are so patently lacking in merit as to be frivolous." Id. at 526 n.3. The Court suggested in dicta that district courts have the inherent power to *sua sponte* dismiss such frivolous suits without giving notice to the parties. Id.; see also Davis v. Kvalheim, 261 Fed.Appx. 231, 234 (11th Cir. 2008) (not reported) (affirming district courts' inherent authority to dismiss frivolous claims *sua sponte*). Other courts have also taken the position that frivolous claims may be dismissed prior to the filing of an answer and without notice to the parties. See, e.g., Tyler v. Carter, 151 F.R.D. 537, 540 (S.D.N.Y. 1993), affirmed 41 F.3d 1500 (2nd Cir. 1994) ("A plaintiff asserting fantastic or delusional claims should not, by payment of a filing fee, obtain a license to consume limited judicial resources and put defendants to effort and expense."); Slangal v. Getzin, 148 F.R.D. 691, 695 (D. Neb. 1993).

In the instant case, Plaintiff's numerous claims have no basis in fact; they are clearly removed from reality and are patently frivolous. For example, Plaintiff lists in a conclusory fashion seventeen claims against both Senators Hillary Clinton and Barack Obama. Doc. 1 at 10-11. The lists include allegations of stalking, slander, domestic abuse, and "corruption of blood." Id. The crux of Plaintiff's claim is that the 28 named defendants conspired to block his

application to Loyola University in Chicago and fraudulently obtained student loans in Plaintiff's name. See id. at 6 and 13.  The Court agrees with the Magistrate that it is appropriate under these circumstances to dismiss Plaintiff's complaint prior to service of process.  Even if the Court were required to provide notice to Plaintiff prior to dismissal, Plaintiff has been given an opportunity to file an objection to the Magistrate's Report and has declined to do so.  Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

The Report and Recommendation of the Magistrate Judge, Doc. 18, is adopted and incorporated herein.  Plaintiff's complaint, Doc. 1, is dismissed with prejudice under Rule 12(b)(6) for failure to state a claim upon which relief may be granted.

**DONE AND ORDERED** this ___6th___ day of October, 2008

*s/Maurice M. Paul*
Maurice M. Paul, Senior District Judge